## IRA S. LANGDON *vs.* WILLIAM B. LANGDON & another.

The payee of a promissory note, not negotiable, for $120, delivered it to a third person, taking back the following writing: "Received a note [describing it] for which I am to collect and account to the said payee the sum of $110 when the note is collected, or re turn said note back to said payee, if I choose." *Held,* that parol evidence of contempo raneous conversations between these parties was inadmissible to explain and qualify the construction of the writing, even in an action brought on the note by such third person in the name of the payee; that the writing did not prove an assignment coupled with an interest, but a mere power to collect, which was revoked by subsequent payment made to the original payee and accepted by him in discharge of the note, though of a sum less than was then due on the note, and made with notice of the assignment.

ACTION OF CONTRACT on a promissory note for one hundred and twenty dollars, dated March 30th 1850, signed by the defendants, and payable to Ira S. Langdon in three years from date, on interest after six months. Answer, payment. Replication, that if the note was paid in full, (which the plaintiff left to the defendants to prove,) the note had been assigned by Ira S. Langdon to Shoreham Goodenow, and the defendants had notice of such assignment before any payment was made on the note, and that this action was brought for the benefit of Goodenow.

At the trial in the court of common pleas, before *Sanger,* J., it appeared that on the 19th of June 1851 the note declared on was delivered by Ira S. Langdon to Goodenow, and had ever since remained in the possession of the latter; and that after such delivery, but during the same interview, and as a part of the same transaction, Goodenow signed and delivered to Ira S. Langdon, a writing in the following words: "Received of Ira S. Langdon a note described as follows: [Then followed a description of the note.] For which I am to collect and account to the said Langdon, I. S. the sum of one hundred and ten dollars when the above note is collected, or return said note back to said Langdon, if I choose." No evidence was offered of any consideration for this agreement, except such as is stated therein.

The plaintiff offered parol evidence of conversations had between the parties at the time, tending to explain and qualify this writing, and to show what the parties intended thereby. But

the judge ruled that such evidence was inadmissible to control the written agreement.

It was in evidence that on or about the 30th of March 1853, William B. Langdon, one of the defendants, paid Ira S. Langdon, the nominal plaintiff, a sum less than the amount then due on the note, in payment of the note, as said Ira and said defendant contended; and said Ira gave said defendant a receipt in full satisfaction and discharge of the note; and subsequently, before the trial, filed in the case a paper, stating that he had received payment in full of the note, and did not authorize the commencement of this action, and requesting that it might be dismissed. It was also proved that, before this payment, both defendants had notice that the note had been assigned to Goodenow, and admitted that fact to various persons. The jury, under the direction of the judge, returned a verdict for the defendants; and the plaintiff alleged exceptions.

*W. Griswold*, for the plaintiff. The writing, signed by Goodenow, itself shows that the note was not left merely for collection Besides; as that instrument is not the contract upon which this action is brought, but is collateral thereto, and not between the parties to this action, parol evidence was admissible to aid in its construction. *Badger* v. *Jones*, 12 Pick. 371. 1 Greenl. Ev. § 279. It was a mere receipt, and therefore might be explained by parol testimony, even between the parties to it. *Brooks* v. *White*, 2 Met. 283. *Stackpole* v. *Arnold*, 11 Mass. 32. *Johnson* v. *Johnson*, 11 Mass. 357. This instrument was an assignment, coupled with an interest. The assignment and notice constitute a sufficient consideration. *Stiles* v. *Farrar*, 18 Verm. 444. The payment and the receipt therefor could not discharge the debt; because the payment was of a less sum than was then actually due; *Brooks* v. *White*, 2 Met. 283; and because the defendants had notice of the assignment, and no subsequent act of the original payee could affect the assignee's interest. *Jones* v. *Witter*, 13 Mass. 304. *Welch* v. *Mandeville*, 1 Wheat. 233. *Holbrook* v. *Burt*, 22 Pick. 553. 1 Greenl. Ev. § 173.

*G. T. Davis & C. Allen*, for the defendants.

SHAW, C. J. The only question in this case is, whether

Shoreham Goodenow, who commenced this action in the name of the nominal plaintiff, without his consent, established by proof the assignment of the note, as a valid assignment of a chose in action, so as to vest in himself the equitable title to the described note, as holder.   If he had such an assignment, as it appears that the defendants had notice that the note was placed in the hands of Goodenow, they could not, by payment to the original payee, defeat the equitable right of Goodenow as assignee.   But if he had no assignment, but only held it as attorney to the payee, then payment to the payee, before an action brought, or at any time before trial, was a good discharge.

The terms on which Goodenow received the note, not a nego tiable one, from the nominal plaintiff, are expressed in the paper dated June 19th 1851.   This paper, though called a receipt, and beginning with the word " received," is not a receipt for money, within the rule allowing a receipt to be controlled or explained by parol evidence.   It was a written instrument stating the terms on which the possession of the note was intrusted to Goodenow.   We think therefore that the judge was right in excluding parol evidence to show that the note was held on other and different terms.   It follows that whether Goodenow had the possession of this note, as under an assignment of a chose in action vesting an equitable title in himself, or under a power to collect the note for the payee, and as his attorney, must depend upon the legal effect and meaning of the paper writing given back by him on receiving the note.

It is to be considered that, where a party sues as assignee in the name of another, without his consent, and especially where the debtor has paid the debt to the nominal creditor, the burden of proof is strictly on the assignee to prove his equitable title.   In the case before us, the court are of opinion that Goodenow, who claims to sue in the name of Ira S. Langdon, but without and against his consent, agreed, by the acknowledgment and promise made in his receipt, to take, hold and collect this note for the payee, as an attorney, and took a power only ; but did not receive the same to collect for his own use and benefit, as an assignee of a chose in action.   The receipt expresses no consid-

eration paid for the note, which was not negotiable; it contains no word of assignment or transfer of the note, or of any interest therein; on the contrary, he stipulates to account for the proceeds of the note, when collected, deducting a small sum for services or charges, or return the note back to said Langdon; and there is no stipulation that, if so returned, the assignor will repay or reimburse the assignee. It discloses the capacity and obligations of an agent who is to execute a power for his principal, and not that of an assignee for value, taking an equitable title in the thing to his own use.

The word " assign " need not be used, or any express words of conveyance; if it appear from the whole instrument that it is intended to give a power coupled with an interest, it will operate as an assignment. But it must be an interest, legal or equitable, in the subject matter on which the power is to operate, and not merely in the fees and commissions of the agency, or in the thing to be acquired by the execution of the power. *Hunt* v. *Rousmaniere,* 8 Wheat. 174.

Here the power was to collect the note. If he had no interest in the note, and took none by the instrument itself, it was a naked power, and might be revoked by the author of it. Here there is no evidence of any previous interest in the note, and none is expressed in the receipt. It was therefore revocable, and was revoked by receipt of payment, by the original payee.

One point taken in the argument is, that the promisor, William B. Langdon, paid a less sum than the actual amount due on the note; and that, although the creditor gave a receipt in full satisfaction, yet, by a rule of law, a mere money debt cannot be discharged by payment of a sum less than the actual debt. There is such a rule of law; but being somewhat harsh, contrary to the apparent intentions of parties, in making a compromise settlement, and not in harmony with the dictates of natural justice, it is to be construed strictly. But this rule can have no application to this case; for, as Goodenow had no assignment, he cannot recover the difference for his own use, and the nominal plaintiff does not seek to recover it, but expressly disclaims the maintenance of the action in his name for any purpose.

*Exceptions overruled,*